IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COMPAGNIE DES GRANDS HOTELS
d'AFRIQUE S.A.,

    Plaintiff,

v.

STARMAN HOTEL HOLDINGS LLC,

    Defendant.

C.A. No.: 18-00654 RGA

## MEMORANDUM ORDER

Defendant filed a Motion for Issuance of a Letter of Request to obtain evidence in the United Kingdom of Great Britain and Northern Ireland. (D.I. 91). Plaintiff opposes this motion. (D.I. 97).

I. **Factual and Procedural History**

On August 6, 2013, Plaintiff Compagnie des Grands Hotels d'Afrique S.A. ("CGHA") commenced an arbitration proceeding (the "Arbitration") through the International Chamber of Commerce ("ICC") against Woodman Maroc S.a.r.l. ("Woodman") and Travelodge Hotels Ltd. ("Travelodge"). (D.I. 82-1 at 4; D.I. 91 at 2). Woodman is a former subsidiary of Defendant Starwood Capital Group Global I LLC ("SCG") and Defendant Starman Hotel Holdings LLC ("Starman"). (D.I. 82-1). Travelodge Hotels Ltd. is the Guarantor of the management agreement. (D.I. 91 at 2). CGHA voluntarily dismissed Travelodge from the Arbitration, proceeding solely against Woodman. (*Id.*). The basis of this Arbitration was that, after Woodman was obtained by

1

the Meridian Group ("Meridian") in 2005, Woodman failed to properly invest in CGHA's hotel, the Royal Mansour Hotel (the "Hotel"). (*Id.*). By 2005, Travelodge had obtained the Guarantor and assumed its place in the relevant agreement. (D.I. 91 at 2). Woodman was contracted with for the purpose of managing the Hotel. (*Id.*). Ten months after CGHA commenced the Arbitration, Starman sold Woodman's parent company and Woodman to a United Kingdom entity, Maquay Investments Ltd. ("Maquay"). (*Id.* at 4). Maquay then placed Woodman's parent into insolvency proceedings. (*Id.*). Woodman formally withdrew from the Arbitration, citing insolvency and inability to pay any judgment or award. (*Id.*). CGHA requested and received an interim order from the Arbitrators directing Woodman (1) to return possession and operation of the Hotel to CGHA, (2) to account for payments it had made after ceasing to pay the minimum fee of the Arbitration award, and (3) to cease making payments to third parties. (*Id.* at 4-5). CGHA was awarded approximately $60 million in damages from Woodman in the Arbitration. (*Id.* at 5). The Arbitrators also found that Starman had acted in the place of Woodman under the management agreement, that CGHA was led to believe that it could rely on Starman assuming all of Woodman's responsibilities under the agreement, and that Maquay had been formed solely to receive the shares of Woodman's parent and place it into voluntary liquidation. (*Id.*). This judgment was recognized in a court tribunal in Morocco on December 14, 2016. (*Id.*).

The Arbitration was decided against Woodman and, because of the insolvency proceedings, Woodman is now unable or unwilling to pay the award. (*Id.*). CGHA brought the present action against Starman in order to collect the award from it, rather than Woodman. (D.I. 83 at 3). CGHA initially claimed that Starman could be held liable for Woodman's actions based either on agency theory or alter ego theory. (*Id.*). This Court dismissed the agency cause of action on January 9, 2019, but allowed CGHA to proceed with the alter ego claim. (*Id.* at 2).

2

Defendant Starman filed a motion for a letter of request seeking information from Travelodge in the United Kingdom. (D.I. 91 at 4). Plaintiff CGHA opposes the issuance of this letter because the information sought is either irrelevant or could be obtained more easily from Plaintiff. (D.I. 97 at 2). As this evidence is sought in the United Kingdom, a letter of request must be issued in accordance with the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"). (D.I. 91 at 1). Both the United States and the United Kingdom are signatories to the Hague Convention. (*Id.*). This order addresses whether to issue this letter of request.

## II. Legal Standard

### a. Standard for the Issuance of Letters of Request

As both the United States and the United Kingdom are signatories of the Hague Convention, there is a mutual commitment between the nations to provide evidence for use in the other's legal proceedings. (*Id.*). Courts "routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005); *see Tulip Computers Intern. B.V. v. Dell Computer Corp.*, 254 F. Supp.2d 469, 474 (D. Del. 2003). The "burden is not great" for a party seeking a letter of request because "the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the [Hague] Convention." *Tulip Computers Intern. B.V*, 254 F. Supp.2d at 474. However, "[w]here the relevancy or materiality of the [discovery] sought is doubtful, the court should not grant the application for letters of request." *Merck Sharp & Dohme Corp. v. Sandoz, Inc.*, 2013 WL 12203112, at *3 (D.N.J. June 7, 2013) (quoting *United States v. Rosen*, 240 F.R.D. 204, 215 (E.D. Va. 2007)). Only "[f]acts germane to any claim or defense in

3

the pleadings are properly the subject of discovery." *In re Intel Corp. Microprocessor Antitrust Litig.*, 2007 WL 137152, at *7 (D. Del. Jan. 12, 2007).

### b. Evidence Sought to Prove Alter Ego Theory

In order to prove alter ego liability, a plaintiff "must show (1) that the corporation and its shareholders operated as a single economic entity, and (2) that an overall element of injustice or unfairness is present." *Trevino v. Merscorp, Inc.*, 583 F. Supp.2d 521, 528 (D. Del. 2008). Undercapitalization of the subsidiary can prove the first element required of alter ego liability. *Radaszewski ex rel. Radaszewski v. Telecom Corp.*, 981 F.2d 305, 310 (8th Cir. 1992). "If the subsidiary is financially responsible, whether by means of insurance or otherwise," then it is not undercapitalized. *Id.* at 309. The second element requires plaintiffs to prove that defendants' "use of the corporate form would, if left unchecked, work as a fraud or something in the nature of a fraud." *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 267 (D. Del. 1989). The evidence sought with the letters of request must relate to at least one of the two elements of alter ego liability.

### III. Discussion

The parties disagree as to whether to issue a letter of request to obtain evidence from Travelodge in the United Kingdom. (D.I. 91 at 4; D.I. 97 at 4). Defendant Starman filed a motion for a letter of request seeking (1) communications between Travelodge and CGHA and its owners and representatives, (2) communications relating to the negotiation of the management agreement to which Travelodge is a party, (3) documents about the arbitration from which CGHA voluntarily dismissed Travelodge, (4) communications relating to the Hotel, and (5) communications about claims made by CGHA in Travelodge's insolvency proceedings. (D.I. 91 at 4).

4

Starman argues that this letter of request should be issued because the documents sought "[were] designed to protect against undercapitalization [and] are plainly relevant to determining whether CGHA could meet its burden of proof of [the first element of] its alter ego claim." (D.I. 91 at 4). Starman also argues that FED. R. CIV. P. 26(b)(1) dictates that "information within this scope of discovery need not be admissible in evidence to be discoverable." (D.I. 99 at 2). Further, Starman argues that information from Travelodge could disprove the necessary elements of fraud and injustice. (*Id.* at 3). Starman also argues that CGHA, by making the equitable claim of alter ego liability, has opened itself up to equitable defenses, such as laches, waiver, acquiescence, ratification, and unclean hands. (*Id.*). Finally, Starman argues that CGHA conceded that the documents sought are relevant in its response, while also claiming that the request is overbroad and irrelevant. (*Id.* at 4).

CGHA opposes the motion for issuance of a letter of request based primarily on the evidence sought being (1) irrelevant to the alter ego theory, (2) more easily obtained from CGHA, or (3) a collateral attack on the Arbitration award. (D.I. 97 at 1-2). CGHA argues that the request for Travelodge's communications make no sense in the context of an action to enforce the Arbitration award against Starman on an alter ego theory of liability. (*Id.* at 5). CGHA says that the documents are irrelevant to whether Starman and Woodman operated as a single economic entity or whether Starman perpetrated an injustice or unfairness against CGHA. (*Id.* at 7). CGHA alleges that Starman's requests to Travelodge seek to shift the spotlight away from Starman's actions and towards the financial responsibility, actions, and interactions of Travelodge, Trusthouse, and Starman. (*Id.* at 6). CGHA finally alleges that this request, even if arguably relevant to Starman's defenses, could be more easily obtained from CGHA. (*Id.* at 7).

There is no need to burden a foreign court or foreign non-party when the same information can be more easily obtained from a party. *Merck Sharp & Dohme Corp.*, 2013 WL 12203112, at *4.

So long as Starman made "a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence," the letter of request should be issued. *Netherby Ltd.*, 2005 WL 1214345, at *1; *see Tulip Computers Intern. B.V.*, 254 F. Supp.2d at 474. It would be reasonable to conclude that documents possessed by Travelodge, the Guarantor, would contain information relevant to potential undercapitalization of Woodman, as protection from undercapitalization is a specific feature of Travelodge's involvement in the management agreement. (D.I. 91 at 4). If the information obtained through this request is not relevant and material, it need not be admitted into evidence. Although there is a possibility that the evidence found will be irrelevant or duplicative, there is still a reasonable possibility that it will refute the alter ego elements of undercapitalization, fraud, or injustice. Therefore, Starman's motion is GRANTED.

## IV. Conclusion

For the foregoing reasons, Defendant Starman's motion for issuance of a letter of request will be GRANTED.

IT IS SO ORDERED this 26 day of July 2019.

                                                   /s/ Richard G. Andrews
                                                   United States District Judge