IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMPAGNIE DES GRANDS HÔTELS D'AFRIQUE S.A., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-654-RGA |
| STARWOOD CAPITAL GROUP GLOBAL I LLC and STARMAN HOTEL HOLDINGS LLC, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

The present action concerns an enforcement of a foreign arbitration award arising from an alleged breach of a management contract for a luxury hotel in Morocco. (D.I. 1) Plaintiff Compagnie des Grands Hôtels d'Afrique S.A. ("CGHA") filed a motion to extend the deadline for amending pleadings and joining parties in the scheduling order.[1] (D.I. 125) Defendant Starman Hotel Holdings LLC ("Starman")[2] opposes any extension. (D.I. 128) For the reasons that follow, the court DENIES plaintiff's motion without prejudice.

### II. BACKGROUND

#### a. Factual and Procedural History

The breach of contract matter was arbitrated before the ICC International Court of Arbitration in London, England (the "ICC"). On May 6, 2015, the ICC issued an Arbitration

---

[1] On September 17, 2019, the court entered an oral order setting an expedited briefing schedule. The briefing for the pending motion is as follows: plaintiff's opening brief (D.I. 125) and defendant's answering brief (D.I. 128).

[2] Starwood Capital Group Global I LLC ("Starwood") was dismissed from the suit on January 9, 2019. (D.I. 38)

Award against Woodman Maroc S.a.r.l. ("Woodman"), a former subsidiary of defendant. (D.I. 1 at ¶¶ 58, 73) A thorough recitation of the factual background of this action is included in Judge Andrews' Memorandum Order, issued on July 15, 2019. (D.I. 103)

The instant litigation was filed by plaintiff on April 30, 2018 against Starman and Starwood, one of Starman's indirect corporate parents. (D.I. 1) The complaint initially alleged that Starman and Starwood were liable for payment of the arbitration award based upon an agency theory. (*Id.*) By Order of January 9, 2019, the court dismissed the agency claim against Starman and Starwood. (D.I. 38) Consequently, the only claim remaining is based upon an alter ego theory of liability asserted against the only remaining defendant, Starman.

The court held a scheduling conference on March 5, 2019 and entered the scheduling order on March 12, 2019, which included a September 30, 2019 deadline for amending pleadings and joining other parties. (D.I. 48) On September 13, 2019, plaintiff filed the present motion to amend the scheduling order, limited to a request for an extension of the date for amendment of pleadings and joinder from September 30, 2019 to January 31, 2020. (D.I. 125)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 16 governs pretrial management and scheduling orders. Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The burden is on the moving party to "demonstrate good cause and due diligence." *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). Good causes exists "when the schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Dickerson v. KeyPoint Gov't Sols., Inc.*, C.A. No. 16-657-RGA-MPT, 2017 WL 2457457, at *4 (D. Del. June 7, 2017). This good cause standard under Rule 16(b) "turns on the diligence of the movant." *Id.* In its considerations, the

court should remain cognizant that "scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility would be severely impaired." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986). In any event, however, the court retains authority to modify case schedules to entertain motions resolving questions of law concerning which the facts are undisputed in order to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## IV. DISCUSSION

CGHA argues that good cause exists to modify the deadline to amend the pleadings for three reasons: (1) CGHA has diligently pursued the deposition of non-party Mr. Sternlicht, (2) CGHA has diligently pursued foreign discovery, and (3) CGHA is diligently reviewing productions from Starman, Starwood, and Lehman. (D.I. 125 at 6-8)

### a. Deposition of Mr. Sternlicht

CGHA argues that it has diligently pursued the deposition of Barry Sternlicht[3] ("Mr. Sternlicht"), a key non-party witness. (*Id.* at 6) CGHA served the Sternlicht subpoena on July 23, 2019, setting a deposition date of August 14, 2019. (*Id.*; D.I. 107, Ex. 1) Mr. Sternlicht, a resident of Connecticut, opposed the subpoena on the basis that such testimony would be "unreasonably cumulative or duplicative, or [could] be obtained from some other source that is more convenient, less burdensome, or less expensive." (D.I. 128 at 4-5) (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)) On September 4, 2019, CGHA filed a motion to compel Mr. Sternlicht's compliance with the deposition subpoena in the United States District Court for the District of Connecticut. (D.I. 125, Ex. B) CGHA estimates that Mr. Sternlicht's deposition will not likely

---

[3] Mr. Sternlicht is a non-party to this action, who was allegedly a manager of Starman from its formation in 2005 through November 2011. (D.I. 107, Ex. 1)

3

occur before November 2019, as the District Court of Connecticut has not issued a decision on the motion to compel the deposition. (D.I. 125 at 6) CGHA argues that Mr. Sternlicht's bad faith refusal to appear for his deposition constitutes good cause for an extension of the deadline to amend the pleadings. (*Id.*)

Plaintiff states in a conclusory fashion that Mr. Sternlicht refused to appear for his deposition in bad faith. However, whether the witness has opposed the deposition subpoena in "bad faith" is a matter yet to be decided by the District of Connecticut. It is presently unknown whether the deponent will be compelled to give a deposition. Consequently, the plaintiff has not demonstrated that good cause exists to modify a scheduling order deadline based upon the contingent outcome of a motion pending before another District Court.

### b. Foreign Discovery

CGHA contends that although it filed motions for issuance of letters rogatory to obtain evidence in Morocco and the United Kingdom of Great Britain and Northern Ireland in May and August of 2019, respectively, the process of obtaining foreign discovery is lengthy and time consuming. (D.I. 125 at 6-7; D.I. 82; D.I. 117) As a result, none of the entities from which documents are sought have yet made productions to CGHA.[4] (D.I. 125 at 7)

Plaintiff's argument regarding the outstanding foreign discovery requests hinges upon the assumption that such discovery may reveal information necessitating amendment of the complaint or joinder of another party. However, the present action concerns the enforcement of a foreign arbitration award arising from alleged mismanagement of a hotel in Morocco. The

---

[4] CGHA also notes that the deposition of U.K. witness Sarah Purdy will not occur until late October 2019, but does not explain who this witness is or her relevance to the pending action. (D.I. 125 at 7) A review of the complaint reveals that CGHA learned of Starman's sale of Woodman through a July 2, 2014 letter from "Sarah Purdy of Maquay." (D.I. 1 at ¶ 60) However, there is no other mention or identification of Sarah Purdy elsewhere in the complaint.

4

parties reasonably should have been aware at the outset that foreign discovery might be needed and should have factored reasonable time estimates for accomplishing it when drafting the scheduling order. The plaintiff is now asking the court to reconsider a deadline that was jointly proposed in a scheduling order on the contingency that discovery which has yet to be produced may possibly reveal new information necessitating amendment or joinder. The court declines to revisit the deadlines on this basis, as good cause has not been demonstrated.

### c. Document Production

CGHA asserts that it worked diligently to review document productions made by Starman, Starwood, and Lehman on August 16 and 30, 2019, which total approximately 35,000 pages of documents. (D.I. 125 at 7) Therefore, plaintiff contends, it had only approximately one month to review the productions prior to the current deadline to amend the pleadings. (*Id.*) CGHA cites *Home Semiconductor Corp.* to bolster its assertion that diligence is found when a party seeks leave to amend within three months of learning new information. (*Id.*) *See Home Semiconductor Corp. v. Samsung Electronics Co., Ltd.*, C.A. No. 13-2033-RGA, 2019 WL 2135858, at *5 (D. Del. May 16, 2019) (citing *Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 2017 WL 1001602, at *6 (W.D. Pa. Mar. 15, 2017)).

The current scheduling order has a document production deadline of November 29, 2019 and a deadline for amendment of the pleadings of September 30, 2019. (D.I. 48) When the parties jointly proposed the deadlines in the scheduling order, it was apparent from the dates proffered that they would not complete substantial document production prior to the deadline for amending the pleadings. Plaintiff has not supported its request with any "new information" it has gathered in its review of the documents. Rather, plaintiff asks the court to reconsider the scheduling order deadline based upon time pressures of its own making rather than good cause.

5

Because plaintiff has failed to show good cause, its motion to amend the scheduling order is denied without prejudice.

## V. CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the scheduling order is denied without prejudice. (C.A. No. 18-654, D.I. 125) An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: September 27, 2019

Sherry R. Fallon
United States Magistrate Judge